THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE JACOBUS, Appellant.

Third Department, November 21, 1962.

*M. Kimball Hart, Jr.*, for appellant.

*George Boldman, District Attorney*, for respondent.

COON, J. The indictment charged:

" The Grand Jury of the County of Tioga, by this indictment, accuse George Jacobus of the crime of Discharging a Firearm,

a Misdemeanor, in Violation of Section 1906 1., a., (1), of the Penal Law committed as follows:

" The said George Jacobus, on or about the 29th day of October, 1960, at the Town of Nichols in this county, did wilfully discharge a species of firearm, to wit., a single shot 410 gauge shot-gun, otherwise than in self defense or in the discharge of official duty, in a public place, to wit, a public highway known as Sibley Road, and in a place where there was a person to be endangered thereby, to wit, Jacqueline Brainard, who was near said road and was endangered thereby by being struck by shot from defendant's firearm upon its discharge."

This case is unique for a criminal case in that the facts are not in dispute. The defendant took the witness stand at the trial and admitted all of the acts charged against him by the People. The defendant asks only an interpretation of the statute which he is accused of violating. As we understand his contention it is that the statute requires some element of intention or some actual or implied knowledge that a human being is or is likely to be in the vicinity and endangered.

The pertinent part of the statute reads:

" § 1906. Discharging firearms.

" 1. A person who, otherwise than in self defense, or in the discharge of official duty:

" a. Wilfully discharges any species of firearms, air-gun or other weapon, or throws any other deadly missile (1) in a public place or in any place where there is any person to be endangered thereby ".

The defendant was driving his automobile down a public highway at about 9 o'clock in the evening on the 29th day of October, 1960, when he saw an animal resembling a fox (it later turned out to be the victim's dog) running up the road toward him. He stopped his car, got out and fired his shotgun in the general direction of the animal, which had left the highway. He then heard some children scream and discovered that pellets from his gun had struck a little girl who was on a vacant lot about 60 feet from the highway.

The language of the statute seems clear. The word " wilfully " modifies the verb " discharges " and simply sets up as an essential element of the crime an intentional discharge of a firearm as distinguished from an accidental discharge. Thereafter, the statute only provides the condition which must exist to constitute a misdemeanor upon such wilfull discharge of a firearm, to wit, that it occur in a public place, or in any place where there is any person to be endangered thereby. The

record establishes that the shooting occurred in a public highway, and it is quite obvious that there was a person to be endangered by the discharge. There is not the slightest suggestion that intent to endanger is necessary, or that any knowledge of the presence of a person is necessary, or that any malice or evil intention or even reckless conduct is necessary. Once the firearm is intentionally discharged the crime is complete if the other elements are actually present. The act alone, with the other physical circumstances existing, is what is prohibited. Undoubtedly that is the reason that the violation of the section is made a misdemeanor. Of course, had the defendant known or even had reason to believe that there was a human being in his line of fire, he would have been charged with a felony. The defendant performed the prohibited act, and the verdict of the jury must be sustained. The trial court obviously recognized that the defendant did not intend to inflict injury upon a human being when it suspended sentence and placed defendant on probation.

The judgment should be affirmed.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed.