James W. McCarthy, Esq. City Attorney, Oswego
I am writing in response to your request for an Attorney General's opinion as to whether section 265.35 of the Penal Law prohibits the discharge of firearms on that part of Lake Ontario within the limits of the City of Oswego.
Your letter notes that there is a portion of Lake Ontario which lies within the city limits of Oswego. This harbor is traversed by boats in both the summer and winter, and also used for ice fishing. The Department of Environmental Conservation has informed us that breakwaters have been constructed within this area, and that under the Department's regulations, migratory birds can be hunted from these structures (6 NYCRR § 2.30). Section 265.35 of the Penal Law makes discharge of a firearm in a "public place" criminal:
 "Any person who, otherwise than in self defense or in the discharge of official duty, (a) willfully discharges any species of firearms, air-gun or other weapon, or throws any other deadly missile, either in a public place, or in any place where there is any person to be endangered thereby . . . is guilty of a class A misdemeanor" (Penal Law, § 265.35[3]).
Your question is whether this prohibition against discharge of firearms in public places would encompass that portion of Lake Ontario within the City of Oswego.
Cases and commentaries discussing the meaning of "public place" as used in this section are not conclusive on the issue presented here. In 1974 the uncertainty of the term was recognized in a case involving a person charged with violating section 265.35 after shooting a dog on his property in the vicinity of his home:
 "The key to the charge in the opinion of the court is whether or not a person's own home and residence can be considered a public place. There is no clear cut definition and a dearth of precedent in the law which allows us to establish this fact. This area of the law is very nebulous for such a commonly used legal term" (People v Wicker, 18 Misc.2d 811, 813 [Onondaga Town Ct, 1974]; see also, People v Jacobus, 17 A.D.2d 223
[3d Dept, 1962]; Gross v Goodman, 173 Misc. 1063 [Sup Ct, N Y Co, 1940]).
Although a precise definition of "public place" is not provided, in our view the Penal Law provsion is intended to prohibit discharge of weapons in those places where there is an unreasonable danger to persons. The determination of whether a particular part of the city is a "public place" is a question of fact beyond the scope of this opinion.
In addition to this Penal Law provision, we note that a municipality may regulate the discharge of firearms pursuant to its police power. In a 1976 opinion, we concluded that a village could by local law prohibit the discharge of firearms within the village or within densely populated areas thereof (1976 Op Atty Gen [Inf] 326). This authority derives from a municipality's authority to promote the health, safety and welfare of persons and property within municipal borders (Municipal Home Rule Law, § 10[1][ii][a][12]). Similarly, a city may enact a local law prohibiting the discharge of firearms within city limits. These regulations must, however, be reasonable (some exceptions are necessary, such as for self defense and carrying out of official functions [1976 Op Atty Gen (Inf) 326]).
Furthermore, any local regulations may not be inconsistent with State laws and regulations which allow hunting or other use of firearms (see 1984 Op Atty Gen [Inf] 170). Use of firearms for hunting purposes is authorized and regulated by the Environmental Conservation Law (ECL). Persons holding hunting licenses are entitled to discharge firearms in accordance with the ECL provisions "notwithstanding any provisions of the Penal Law or other law to the contrary" (ECL, § 11-0701[1]). Environmental Conservation Law, § 11-0931(4)(b)(4) also specifically allows the discharge of firearms over water when hunting migratory game birds. The discharge of a firearm which is permitted under this section must, however, be done under safe conditions:
 "The discharge of a shotgun over water by a person hunting migratory game birds if no dwelling house or public structure, livestock or person is situated in the line of discharge less than five hundred feet from the point of discharge" (ECL, § 11-0931[4][b][4]; emphasis supplied).
The limitations on hunting found in the ECL include the following:
 "No license or stamp authorizes the holder (a) to trespass upon private lands or waters or to interfere with property belonging to another person; (b) to take fish or wildlife on an Indian reservation; (c) to enter upon, or to take or disturb fish or wildlife upon, state lands or waters posted by the department except in accordance with a written permit from the department or an order adopted by the department; (d) to take any fish or wildlife in any area closed to the taking of fish or wildlife, or to take any species of fish, wildlife or protected insect in an area closed to the taking of such species" (ECL, § 11-0703[1][b]).
Thus, if the use of firearms is in accordance with the ECL and Department of Environmental Conservation regulations, there would be no violation of the Penal Law provision you cite.
We conclude that a city may place reasonable restrictions on the discharge of firearms within the city limits, as long as those restrictions are not inconsistent with State laws or regulations.